165 N.J. Super. 40 (1978)
397 A.2d 697
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
IVAN MOISEEFF, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted December 19, 1978.
Decided December 27, 1978.
*41 Before Judges HALPERN and ARD.
Messrs. Tomar, Kamensky & Smith, attorneys for appellant (Mr. Timothy R. Smith on the brief).
Mr. John J. Degnan, Attorney General of New Jersey, attorney for respondent (Mr. Alan Dexter Bowman, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by HALPERN, P.J.A.D.
With leave granted, defendant appeals from a denial by the trial judge of his application for admission into the Mercer County Pretrial Intervention Program (PTI). We now reverse.
Defendant was indicted for employing a minor at his gasoline service station without procuring an employment certificate (N.J.S.A. 34:2-21.7); employing the minor in excess of lawful daily hours (N.J.S.A. 34:2-21.3); employing the minor in excess of lawful weekly hours (N.J.S.A. 34:2-21.3), and employing the minor in a prohibited occupation (N.J.S.A. 2A:2-21.17). All of these offenses are misdemeanors under N.J.S.A. 34:2-21.19. After pleading not guilty to all charges defendant applied for PTI. The program director and the prosecutor concurred in recommending defendant for acceptance. The trial judge, however, denied the application since he found that it would be constitutionally inappropriate "to infringe upon [defendant's] liberty by making an innocent person partake in a program that requires certain responsibilities and appearances," and that defendant failed to accept responsibility for his actions.
*42 Defendant's excuse for hiring the minor was that he had represented himself as being over 18 and defendant had no cause to disbelieve him.
The thrust of the trial judge's view appears to be that, because defendant did not admit his guilt he did not show responsibility for his actions; there was some sort of constitutional bar to admitting him into PTI and, in addition, his failure to admit guilt showed that PTI would serve no useful purpose.
We are satisfied the trial judge misconceived his function. We start with the premise that the admission to PTI of a person charged with a crime, following acceptance by the program director and the prosecutor, rests in the trial judge's sound discretion. R. 3:28(b). However, where the designated program director recommends a defendant for admission into PTI, and the prosecutor consents thereto, the trial judge may not reverse the determinations of the program director and the prosecutor to divert, unless their actions contravene the provisions of R. 3:28 and the guidelines adopted in connection therewith. See State v. Leonardis, 73 N.J. 360 (1977), (Leonardis II) and State v. Hermann, 160 N.J. Super. 283 (App. Div. 1978).
It is obvious to us that the trial judge misconstrued the provisions of Guideline 4 contained in R. 3:28 which provides:
GUIDELINE 4. Enrollment in PTI programs should be conditioned upon neither informal admission nor entry of a plea of guilt. Enrollment of defendants who maintain their innocence should be permitted unless the defendant's attitude would render pretrial intervention ineffective.
As the comment to Guideline 4 in R. 3:28 indicates, "Neither admission of guilt nor acknowledgement of responsibility is required. Steps to bar participation solely on such grounds would be an unwarranted discrimination."
Our review of the record clearly reveals that defendant's case presents a classic situation where admission into PTI *43 would be in furtherance of the philosophy motivating the adoption of R. 3:28. Therefore, whether the recommendation of the program director and the consent of the prosecutor are tested by an interest of justice standard, as held in Hermann, supra, or whether tested as contended by defendant and the State under a gross abuse of discretion standard, the result herein would be the same.
Accordingly, the judgment below is reversed and an order admitting defendant into PTI is to be entered forthwith.