178 N.J. Super. 60 (1981)
427 A.2d 1142
ANDREW THOMAS, PLAINTIFF,
v.
NEW JERSEY INSTITUTE OF TECHNOLOGY AND HARRY TESSLER, DEFENDANT.
Superior Court of New Jersey, Law Division Essex County.
Decided February 2, 1981.
*61 Carmen C. Rusignola for plaintiff.
Cynthia M. Jacob for defendant.
BAIME, J.D.C. (temporarily assigned).
This case involves the novel issue of whether acceptance to a pretrial intervention program (P.T.I.), constitutes a favorable termination of a criminal proceeding sufficient to support a claim for malicious prosecution. Defendant Harry Tessler is the bursar of the New Jersey Institute of Technology (N.J.I.T.). Plaintiff was employed by the bursar's office. Defendant *62 signed a criminal complaint against plaintiff, alleging the embezzlement of certain funds. Plaintiff was admitted to P.T.I. prior to any action being taken by the Essex County grand jury. Plaintiff's participation in P.T.I. was terminated for failure to adhere to the regulations of the program. No further action was taken on the criminal complaint. A civil action was subsequently instituted by plaintiff against Tessler for malicious prosecution.[1] Defendant now moves for summary judgment.
In a cause of action for malicious prosecution one of the elements which must be proved by plaintiff is that the criminal proceeding was terminated in his favor. Williams v. Page, 160 N.J. Super. 354, 361 (App.Div. 1978); Ackerman v. Lagano, 172 N.J. Super. 468 (Law Div. 1979). Although there is no reported decision on point, I find that acceptance to P.T.I. does not constitute such a favorable termination. Enrollment in P.T.I. does not require an admission of guilt. R. 3:28, P.T.I. Guideline 4; State v. Moiseeff, 165 N.J. Super. 40, 42 (App.Div. 1978). By the same token, however, acceptance in P.T.I., even where the program is successfully completed, cannot be regarded as the equivalent of a judgment of acquittal or an otherwise favorable termination of the criminal proceeding. P.T.I. involves supervisory treatment which provides criminal defendants with an opportunity to avoid ordinary prosecution. R. 3:28, P.T.I. Guideline 1; State v. Leonardis I, 71 N.J. 85 (1976); State v. Leonardis II, 73 N.J. 360 (1977). Upon completion of the program, the complaint, indictment or accusation against the participant may be dismissed, but no determination is made as to guilt or innocence. R. 3:28; N.J.S.A. 2C:43-13(d). It is well settled that in circumstances where a criminal charge is withdrawn or a prosecution is abandoned pursuant to an agreement or compromise with the accused, the termination is viewed as *63 indecisive and insufficient to support a cause of action for malicious prosecution. Mondrow v. Selwyn, 172 N.J. Super. 379, 384 (App.Div. 1980). Participation in P.T.I. results in just such an indecisive termination. For this reason, as well as several others which need not be recited here,[2] plaintiff's complaint is dismissed with prejudice.
NOTES
[1] N.J.I.T. was also named as a party defendant in the suit, which also included a cause of action for defamation. The defamation count was previously dismissed as to both defendants. In addition, the malicious prosecution count was dismissed as to N.J.I.T.
[2] The other grounds for dismissal were set forth in the court's opinion given from the bench.