**Richard LINDES, Plaintiff,**

v.

**Edward SUTTER, et al., Defendants.**

**Civ. A. No. 84–4960.**

United States District Court,
D. New Jersey.

Nov. 21, 1985.

John J. Pribish, North Brunswick, N.J., for plaintiff.

Chana Barron, Haber & McGowan, South Amboy, N.J., for Monmouth County defendants.

David G. Lucas, Jr., Wolff, Helies & Duggan, Red Bank, N.J., for Foodarama defendants.

## OPINION

RODRIGUEZ, District Judge.

In this action, brought pursuant to 42 U.S.C. §§ 1983,[1] 1985 and various state law tort theories, plaintiff Richard Lindes sues (1) two detectives in the Monmouth County Prosecutor's Office and the County of Monmouth ("county defendants"); (2) several employees and corporate officers of Foodarama Supermarkets, Inc., as well as the store itself ("store defendants"); and (3) Local 1262 of the Retail Store Employees Union and two of its officers ("union defendants") for damages allegedly sustained by him as the result of a criminal investigation and grand jury indictment which resulted in the termination of his employment with Foodarama. The matter is before the Court on motions for summary judgment by the store and county defendants. All claims against the union defendants were dismissed with prejudice by Order of the Hon. John W. Bissell, U.S.D.J., filed March 13, 1985.

The following facts are undisputed. Plaintiff was an employee of Foodarama Supermarkets between March 1965 and February 1982. As the result of investigations into a shortbilling scheme at Foodarama conducted by Foodarama and the Monmouth County Prosecutor's Office, plaintiff was terminated from his employment with Foodarama in February of 1982 and was indicted on April 30, 1982 by a Monmouth County Grand Jury. Plaintiff subsequently was admitted into a Pretrial Intervention Program pursuant to *N.J.S.A.* 2C:43–12, *et seq.* (West 1982). After completion of that program in accordance with the provisions of that statute, the indictment against plaintiff was dismissed on January 20, 1984.

In his complaint, plaintiff alleges that the store and county defendants willfully, intentionally and maliciously pursued the criminal investigation against him. He alleges that as a result of their tortious acts, he was wrongfully discharged from his employment and improperly and illegally indicted by the grand jury. Plaintiff's only federal claims are a § 1983 claim of intentional deprivation of constitutional rights under color of state law and a § 1985(2) claim of conspiracy. His state claims originally included defamation, breach of the duty of fair representation, recklessness and negligence, and malicious prosecution. However, all of these state tort claims,

---

1. Although plaintiff's complaint does not allege violations of 42 U.S.C. § 1983, plaintiff's counsel in his brief in opposition to these motions and in his argument before this Court referred to those allegations in Count I as stating claims under 42 U.S.C. § 1983, not 42 U.S.C. § 1985 as set forth in the complaint. Accordingly, the

except the claim of malicious prosecution, were dismissed voluntarily.[2]

Defendants argue in support of their motions for summary judgment that plaintiff's claim of malicious prosecution should be dismissed for failure to state a claim for which relief can be granted because plaintiff cannot establish the requisite element of a termination of the criminal prosecution in his favor. They argue that his federal claims, which are based on similar allegations of malicious prosecution, also should be dismissed for the same reason, or, in the alternative, are time barred by applying the appropriate limitations period for the most analogous state claims.[3]

For the reasons set forth below, the remaining counts of plaintiff's complaint are dismissed with prejudice.

## DISCUSSION

Summary judgment will only be granted where there are no genuine issues of material fact and when the movant is entitled to summary judgment as a matter of law. The Court in deciding a motion for summary judgment must view the evidence in the light most favorable to the non-moving party. *Hollinger v. Wagner Mining Equipment Co.*, 667 F.2d 402, 405 (3d Cir.1981). The movant bears the burden of establishing the absence of any genuine issues of material fact. *Lang v. New York Life Ins. Co.*, 721 F.2d 118, 119 (3d Cir.1983); *Scott v. Plante*, 532 F.2d 939, 945 (3d Cir.1976). Here defendants contend that they are entitled to judgment as a matter of law. This Court agrees.

### The § 1983 Claim and State Claim of Malicious Prosecution

In Count I of plaintiff's complaint, he alleges that the store and county defendants, without probable cause or factual support, willfully, intentionally and maliciously instituted and pursued a criminal investigation into his conduct and wrongfully secured an indictment against him. He further alleges that contemporaneous with the indictment he was terminated from his employment. He contends that all of these acts were done under color of state law to deprive him of the following constitutional rights guaranteed by the First and Fourteenth Amendments:

A. The right to property and the right to be employed and the pursuit of one's vocation; and

B. The right of liberty and freedom from unlawful arrest, unlawful presentation of tainted evidence to a Grand Jury; and

C. Freedom from coercion and intimidation; and

D. A fair presentation of competent and truthful evidence fairly obtained which is competently presented to a Grand Jury; and

E. The right to hold a job without illegal interference and harrassment [sic]; and

F. The right to enter into contracts without unjustifiable interference and/or harrassment [sic].

(Complaint, at 10, ¶ 30).

■ Although it is possible to interpret Count I as incorporating a number of claims, including wrongful discharge, intentional interference with contract and malicious prosecution, the *predominate wrong alleged* is malicious prosecution. The other allegations are better categorized as harm

---

Court will address these claims in Count I as § 1983 claims.

**2.** Counts II (defamation), III (breach of duty of fair representation) and V (recklessness and negligence) were dismissed by stipulation on September 3, 1985.

**3.** In raising the statute of limitations as a defense, none of the parties addressed the applicability of the recent United States Supreme Court decision in *Wilson v. Garcia*, — U.S. —, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) in which the Supreme Court held that federal interests in uniformity, certainty and the minimization of unnecessary litigation require a single characterization of all § 1983 claims for statute of limitations purposes as actions to recover damages for injuries to the person. As this motion is decided on alternate grounds, this Court need not address the question of whether the rule enunciated in *Wilson v. Garcia* should be applied retroactively to this case.

stemming from the prosecution. Indeed, if plaintiff were unable to establish a wrongful prosecution, he would have no claim for wrongful discharge or tortious interference with contract. For the following reasons, plaintiff's § 1983 claim which is based on allegations of malicious prosecution, as well as his state law claim in Count IV based on the same theory, must be dismissed with prejudice.

■ In order to establish either a § 1983 action for malicious prosecution or a state tort claim based on that same cause of action, plaintiff must prove that the criminal proceeding at issue was terminated in his favor.[4] *Singleton v. City of New York,* 632 F.2d 185, 194–95 (2d Cir.1980), *cert. denied,* 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981); *Konon v. Fornal,* 612 F.Supp. 68, 69 (D.Conn.1985); *Bell v. Brennan,* 570 F.Supp. 1116 (E.D.Pa.1983); *Lind v. Schmid,* 67 N.J. 255, 262, 337 A.2d 365 (1975); *Williams v. Page,* 160 N.J.Super. 354, 361–62, 389 A.2d 1012 (App.Div.1978); *Thomas v. N.J. Institute of Technology,* 178 N.J.Super. 60, 62–63, 427 A.2d 1142 (Law Div.1981).

■ In this case, the indictment against plaintiff was dismissed when plaintiff completed a pretrial intervention program. In other words, instead of having to proceed to trial on the charges for which he was indicted, plaintiff applied for and was admitted into pretrial intervention ("P.T.I.") pursuant to *N.J.S.A.* 2C:43–12, 13. P.T.I. is designed to divert certain individuals from the ordinary course of prosecution into programs which provide rehabilitative services and supervisory treatment. The statute provides for supervisory treatment, instead of prosecution, where such treatment would serve the following policies:

(1) Provide applicants, on an equal basis, with opportunities to avoid ordinary prosecution by receiving early rehabilitative services or supervision, when such services or supervision can reasonably be expected to deter future criminal behavior by an applicant, and when there is apparent causal connection between the offense charged and the rehabilitative or supervisory need, without which cause both the alleged offense and the need to prosecute might not have occurred; or

(2) Provide an alternative to prosecution for applicants who might be harmed by the imposition of criminal sanctions as presently administered, when such an alternative can be expected to serve as sufficient sanction to deter criminal conduct; or

(3) Provide a mechanism for permitting the least burdensome form of prosecution possible for defendants charged with "victimless" offenses; or

(4) Provide assistance to criminal calendars in order to focus expenditure of criminal justice resources on matters involving serious criminality and severe correctional problems; or

(5) Provide deterrence of future criminal or disorderly behavior by an applicant in a program of supervisory treatment.

*N.J.S.A.* 2C:43–12(a)(1)–(5).

That statute further provides that the complaint, indictment or accusation against the participant may be dismissed with prejudice "[u]pon completion of supervisory treatment, and with the consent of the prosecutor." *N.J.S.A.* 2C:43–13(d). No-

---

**4.** This Court realizes that state tort law does not define or limit the scope of liability under § 1983, however, the federal courts consistently have applied the common law rule that termination of the criminal proceedings in favor of the accused is an essential element of a malicious prosecution action. *See Singleton,* 632 F.2d at 194–95 (Court stated that the essence of the § 1983 claim is the alleged groundless prosecution, without which there would be no basis for the claim); *Tucker v. Duncan,* 499 F.2d 963, 965 (4th Cir.1974) (Court stated in the context of a § 1983 action for malicious prosecution that it was "not inappropriate to borrow from state law a developed body of rules governing actionable wrongs and a procedural bar to the assertion of a federal claim of relative triviality"); *Sullivan v. Choquette,* 420 F.2d 674, 676 (1st Cir.1969), *cert. denied,* 398 U.S. 904, 90 S.Ct. 1691, 26 L.Ed.2d 62 (1970) (Court held that since a state court judgment of eviction still stood against plaintiff, he could not establish the requisite element of a termination in his favor).

where in this statute is the intent expressed to equate successful completion of P.T.I. with a finding of not guilty or a "termination favorable" to the accused.[5]

Although neither the Third Circuit nor the New Jersey appellate courts have dealt with the issue of whether successful completion of P.T.I. constitutes a termination favorable to the accused for purposes of bringing a lawsuit for malicious prosecution, this Court is persuaded by the (1) reasonings of those courts which have addressed the issue and (2) the policies behind the very existence of the P.T.I. program that disposition of a case through *N.J.S.A.* 2C:43–12 and 13 *is not* a termination favorable to the accused. Therefore, plaintiff has failed to state a claim for malicious prosecution either pursuant to 42 U.S.C. § 1983 or under a state tort theory of recovery.

In *Singleton*, in evaluating New York's "adjournment in contemplation of dismissal"—the equivalent of New Jersey's P.T.I.—the Second Circuit held that this program could not form the basis of a § 1983 action for malicious prosecution. In reaching this result, the Court concluded that because in most instances judges set behavioral requirements for defendants to meet during the adjournment period in order to avoid having their cases restored to the trial calendar, adjournments in contemplation of dismissal were far from being "in all respects favorable to defendant[s]." *Singleton,* 632 F.2d at 194. The Court also concluded that a contrary holding would result either in a reluctance by prosecutors to consent to such adjournments, or, in instances where adjournments were granted, in the later litigation of the accused's guilt

or innocence in the civil, rather than criminal, forum. *Id.*

The District of Connecticut has reached the same result with reference to that state's analogous program entitled the "accelerated rehabilitation law." *Konon,* 612 F.Supp. at 70. In *Konon,* the plaintiff in a prior criminal case was charged with assault and breach of the peace. He applied for and was granted accelerated rehabilitation. As a condition of that program, plaintiff was placed on probation for 30 days. The criminal charges against defendant were dismissed when he completed the probationary period. He subsequently filed a civil lawsuit. In the context of that suit, the district court held that disposition of a case through Connecticut's accelerated rehabilitation law is not a termination favorable to the accused for purposes of bringing a later § 1983 action for malicious prosecution. *Konon,* 612 F.Supp. at 71.

There is also a clear indication that the New Jersey courts would reach this same conclusion. In *Thomas v. N.J. Institute of Technology,* 178 N.J.Super. at 62, 427 A.2d 1142, the Superior Court held that "acceptance in P.T.I., even where the program is successfully completed, cannot be regarded as the equivalent of a judgment of acquittal or an otherwise favorable termination of the criminal proceeding." [6]

This Court holds that to maintain either a § 1983 action for malicious prosecution or a state common law action based on the same theory of recovery, plaintiff must establish a favorable termination of the criminal proceeding, and completion of P.T.I. does not constitute such a favorable termination. To hold otherwise would be to allow a criminal defendant to side-step criminal prosecution, to forego litigation of his guilt

---

5. Similarly, Rule 3:28 of the New Jersey Court Rules, which sets forth the "guidelines" for operation of P.T.I. programs, does not indicate that a successful P.T.I. participant is innocent of the crimes alleged. In fact, the opposite conclusion can be drawn from the guidelines. For example, although Guideline 4 makes it clear that admission of guilt is not a condition of P.T.I., Guideline 2 stresses that eligibility for P.T.I. should be based on a demonstration of "sufficient effort to effect necessary behavioral

change" and a showing that "future criminal behavior will not occur." If anything, these factors imply "guilt with amenability to rehabilitation," not innocence.

6. Plaintiff contends that *Thomas* is inapplicable to the instant case because the plaintiff in *Thomas* did not successfully complete P.T.I. This Court does not find this distinction relevant.

or innocence, to benefit from a rehabilitative program, and then to turn around and to use this process which was designed to help him as a sword against the state in a civil action. This cannot be the result intended by the legislature in creating P.T.I. Accordingly, Count I which alleges a violation of § 1983 and Count IV which alleges a common law claim of malicious prosecution are dismissed with prejudice.

### § 1985(2) CLAIM

■ Plaintiff's claims under 42 U.S.C. § 1985(2) also must be dismissed. In Count VI, plaintiff has alleged violations of § 1985(2); however, he has not identified which portion of that statutory provision was allegedly violated. Presumably he is asserting a violation of the second clause of § 1985(2)[7] which prohibits conspiracies designed to deprive persons of equal protection of the law. This section prohibits persons from conspiring

> for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

The courts in this Circuit have held consistently that a requisite element of an action pursuant to this section is class-based, invidiously discriminatory animus. *Brawer v. Horowitz*, 535 F.2d 830 (3d Cir. 1976); *Snead v. Kirkland*, 462 F.Supp. 914 (E.D.Pa.1978); *Diulus v. Churchill Valley Country Club*, 601 F.Supp. 677 (W.D.Pa. 1985); *see also Kush v. Rutledge*, 460 U.S. 719, 103 S.Ct. 1483, 75 L.Ed.2d 413 (1983). In other words, plaintiff must allege that he is part of a protected class based upon immutable characteristics, such as race or gender. Plaintiff has made no such allegation. Therefore, plaintiff has not alleged conduct which would state a claim under § 1985. Accordingly, defendants are entitled to summary judgment as a matter of law and Count VI of plaintiff's complaint is dismissed with prejudice.

### CONCLUSION

Summary judgment is granted in favor of defendants as to the remaining counts of plaintiff's complaint. Counts I and VI alleging federal causes of action brought pursuant to 42 U.S.C. § 1983 and 1985(2) are dismissed with prejudice. Count IV alleging the common law tort of malicious prosecution also is dismissed with prejudice. The Court notes that Count I contains a vague reference to violations of rights guaranteed by the "Constitution of the State of New Jersey." (Complaint, at ¶ 31). However, no actual state constitutional claims are set forth or have been pursued by plaintiff. To the extent that plaintiff may have intended to raise state constitutional claims, this Court declines to exercise pendent jurisdiction over them as no federal causes of action remain. See *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

---

**7.** The first clause of § 1985(2) proscribes conspiracies to intimidate or retaliate against parties, jurors or witnesses in federal court proceedings. No such allegations appear in plaintiff's complaint.