Joe CISSELL, Plaintiff,

v.

HANOVER INSURANCE COMPANY, et al., Defendants.

Civ. A. No. 82–28.

United States District Court,
E.D. Kentucky,
Frankfort Division.

Nov. 4, 1986.

Gregg Neal, Shelbyville, Ky., for plaintiff.

Armer H. Mahan, Jr., Louisville, Ky., for Hanover.

William E. Johnson, Frankfort, Ky., for Stucker and Wilding.

## OPINION AND ORDER

BERTELSMAN, District Judge.

This matter is before the court on the motion of the defendants Stucker and Wilding, both officers of the Kentucky State Police, for partial summary judgment on those portions of this action which present claims for violations of 42 U.S.C. § 1983 analogous to malicious prosecution claims and pendent state claims based on the same facts. The case is somewhat unusual and rather complex, but the facts relevant to the disposition of the present motions may be briefly stated as follows.

The defendants and other law enforcement officers were conducting an investigation of a suspected construction equipment theft ring. The plaintiff was arrested pursuant to two criminal complaints sworn to by defendant Stucker in Shelby County. Subsequently, the Shelby County Grand Jury indicted the plaintiff (# 82–CR–055) on charges set forth in defendant Stucker's criminal complaint after hearing testimony from defendant Stucker. Additionally, the plaintiff was indicted on other criminal charges arising out of the joint Kentucky State Police and F.B.I. investigation by the Shelby County Grand Jury (# 82–CR–059) and the Anderson County Grand Jury (# 82–CR–0026) at the same time based upon the testimony of defendant Stucker.

The Anderson Indictment # 82–CR–0026 and Count I of Shelby Indictment # 82–CR–055 were voluntarily dismissed by the Commonwealth. A Shelby County jury acquitted the plaintiff of the charges against him in Shelby Indictment # 82–CR–059. Count II of Shelby Indictment # 82–CR–055 was initially dismissed by the Shelby Circuit Court on the motion of the plaintiff. The Commonwealth immediately appealed the dismissal of Count II of Shelby Indictment # 82–CR–055. While the appeal of the Shelby Circuit Court's Order of Dismissal was pending, the plaintiff was indicted by the United States Grand Jury for the Eastern District of Kentucky (Indictment # 82–33).

Thereafter, on January 6, 1983, the plaintiff and the United States entered into a pre-trial diversion agreement whereby the United States and the plaintiff agreed to defer the plaintiff's prosecution for one year pending the plaintiff's completion of the Pre-Trial Diversion Program. A copy

of the Pre-Trial Diversion Agreement is attached hereto in the appendix. On January 17, 1984, upon the plaintiff's successful completion of the Pre-Trial Diversion Program, an Order was entered in the United States District Court dismissing United States Criminal Indictment No. 82–33. A copy of the Order dismissing the Indictment is attached hereto in the appendix. While the plaintiff was enrolled in the diversion program, the Kentucky Court of Appeals reversed the Shelby Circuit Court's Order dismissing Count II of Indictment # 82–CR–055 and ordered Count II reinstated. Subsequently, on April 30, 1986, the Shelby Circuit Court again dismissed Count II of Shelby Indictment # 82–CR–055 for failure of the Commonwealth to comply with its Order regarding the transcription of tape recordings and specifications as to their use.

All of these prosecutions, as far as pertinent here, involved the same events. An unfavorable termination of one precludes a malicious prosecution action on all. The narrow question presented is whether a prosecution which has resulted in dismissal following defendant's voluntary participation in a federal pre-trial diversion program may be considered as having been terminated favorably to that defendant when he later becomes a plaintiff in a common law malicious prosecution action or an analogous § 1983 action. This court hereby holds that such a disposition of a prosecution is not such a favorable termination.

It is well established that a prerequisite for recovery in both a common law malicious prosecution action and a federal § 1983 claim analogous to such action is proof that the previous prosecution alleged to be malicious was terminated in favor of the present plaintiff. *Singleton v. City of New York,* 632 F.2d 185 (2d Cir.1980), *cert.*

*denied,* 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981); *Lindes v. Sutter,* 621 F.Supp. 1197 (D.N.J.1985).[1]

State law may be referred to by analogy to determine what is a favorable termination. Although no case directly on point has been cited by the parties or discovered by the court involving a federal pre-trial diversion program, there are well-reasoned precedents to the effect that similar state dispositions of criminal prosecutions may not be considered "favorable terminations" for the purpose of subsequent malicious prosecution actions.

*Singleton* and *Lindes, supra,* are excellent examples. Both involve state procedures in which a criminal defendant is granted a dismissal or a permanent continuance if he "behaves himself" during a period when prosecution of the charge is held in abeyance.

The Kentucky case of *Van Arsdale v. Caswell,* 311 S.W.2d 404 (Ky.1958), is in accord with regard to the Kentucky informal procedure of "filing away" a criminal case, or, in the local parlance, placing it on the "open docket." Even a cursory analysis reveals that the federal Pre-Trial Diversion Program voluntarily entered into by the plaintiff was at least as onerous than the state procedures described in these cases.

As the court said in its rationale in *Lindes* at p. 1201–02:

> "To hold otherwise would be to allow a criminal defendant to side-step criminal prosecution, to forego litigation of his guilt or innocence, to benefit from a rehabilitative program, and then to turn around and to use this process which was designed to help him as a sword against the state in a civil action."

**1.** Under Kentucky law, as under the law of most states, six basic elements are generally recognized as necessary to the maintenance of an action for malicious prosecution. "They are: (1) the institution or continuation of original judicial proceedings, either civil or criminal, or of administrative or disciplinary proceedings, (2) by, or at the instance, of the [original] plaintiff, (3) the termination of such proceedings in [the original] defendant's favor, (4) malice in the institution of such proceeding, (5) want or lack of probable cause for the proceeding, and (6) the suffering of damages as a result of the proceeding." *Raine v. Drasin,* 621 S.W.2d 895, 899 (Ky.1981); *Restatement (Second) of Torts* § 653.

Without belaboring the matter further, the court is in full agreement with the views expressed in *Singleton* and *Lindes, supra,* and the reader is referred to them for a fuller discussion. The court also believes that the principles expressed in them and in *Van Arsdale, supra,* are fully applicable to federal pre-trial diversion. *Accord: Konon v. Fornal,* 612 F.Supp. 68 (D.Conn.1985).

Therefore, the court holds that the motions for partial summary judgment must be granted.

Therefore, the court being advised,

IT IS ORDERED that the motions of the defendants Stucker and Wilder for partial summary judgment be, and they are, hereby GRANTED.

### EXHIBIT 1

### UNITED STATES OF AMERICA

### vs.

### JOE A. CISSELL

### LEXINGTON CRIMINAL NO. 82–33

\*　　\*　　\*　　\*　　\*　　\*

### AGREEMENT FOR PRE–TRIAL DIVISION

It appearing that you are reported to have committed an offense against the United States on or about May through December, 1981, in violation of Title 18, Section 1341, United States Code, in that you did use the United States Mail in a scheme to defraud the Hanover Insurance Companies, Shelby Insurance Agency:

Upon your accepting responsibility for your behavior and by your signature on this Agreement\*, it appearing, after an investigation of the offense, and your background, that the interest of the United States and your own interest and the interest of justice will be served by the following procedure; therefore

On the authority of the Attorney General of the United States, by Louis DeFalaise,

United States Attorney for the Eastern District of Kentucky, prosecution in this District for this offense shall be deferred for the period of twelve (12) months from this date, provided you abide by the following conditions.

Should you violate the conditions of this agreement the United States Attorney may revoke or modify any conditions of this pre-trial diversion program or change the period of supervision which shall in no case exceed twelve (12) months. The United States Attorney may at any time within the period of your supervision initiate prosecution for this offense should you violate the conditions of this agreement and will furnish you with notice specifying the conditions of this agreement which you have violated.

If, during the twelve (12) months of this deferred prosecution, you have complied with all the rules, regulations and conditions above mentioned, no prosecution for the offense set out on page 1 of this Agreement will be instituted in this District, and any indictment or information will be dismissed.

Neither this agreement nor any other document filed with the United States Attorney as a result of your participation in the Pre-Trial Diversion Program will be used against you except for impeachment purposes, in connection with any prosecution for the above-described offense.

### *Conditions of Pre-Trial Diversion*

(1) You shall not violate any law (federal, state and local). You shall immediately contact your attorney, who will notify the United States Attorney, within 72 hours if you are arrested and/or questioned by any law enforcement officer.

(2) You shall work regularly at a lawful occupation.

(3) You shall continue to live in this judicial district. If you intend to move out of

---

\* Any statements made by you in this Agreement will not be admissible on the issue of guilt in any subsequent proceeding.

the district, your attorney shall inform the United States Attorney.

I assert and certify that I am aware of the fact that the Sixth Amendment to the Constitution of the United States provides that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial. I also am aware that Rule 48(b) of the Federal Rules of Criminal Procedure provides that the Court may dismiss an indictment, information or complaint for unnecessary delay in presenting a charge to the Grand Jury, filing an information or bringing a defendant to trial. I hereby request that the United States Attorney for the Eastern District of Kentucky defer any prosecution of me for violation of Title 18, Section 1341, United States Code, for the period of twelve (12) months, and to induce him to defer such prosecution I agree and consent that any delay from the date of this agreement to the date of the initiation of the prosecution as provided for in the terms expressed herein, shall be deemed to be a necessary delay at my request and I waive any defense to such prosecution on the ground that such delay operated to deny my rights under Rule 48(b) of the Federal Rules of Criminal Procedure and the Sixth Amendment to the Constitution of the United States to a speedy trial or to bar the prosecution by reason of the running of the statute of limitations for a period of twelve (12) months, which is the period of this agreement.

I hereby state that the above has been read and explained to me. I understand the conditions of my pre-trial diversion and agree that I will comply with them.

/s/ JOE A. CISSEL

Jan 6 - 1983
DATE

/s/ ELDON WEBB
Attorney for Cissel

Jan 6, 1983
DATE

/s/ John M. Compton, Asst
UNITED STATES ATTORNEY

Jan. 6, 1983
DATE

EXHIBIT 2

UNITED STATES OF AMERICA, PLAINTIFF,

VS:

JOE ALLEN CISSELL, DEFENDANT.

CRIMINAL NO. 82-33

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF KENTUCKY

LEXINGTON

*   *   *   *   *   *

ORDER

The United States having moved the Court to dismiss the indictment herein charging the defendant with a violation of 18 U.S.C. § 1341, mail fraud, on the grounds that the defendant, Joe Allen Cissell, has completed a twelve-month Pretrial Diversion Program, and the Court having considered said motion and the grounds therefor, and it appearing that prosecutive determination is a matter solely within the discretion of the United States Attorney, and the Court being sufficiently advised;

IT IS NOW THEREFORE ORDERED AND ADJUDGED HEREIN AS FOLLOWS:

(1) That said motion be and the same is hereby sustained.

(2) That Indictment No. 82–33 be and the same is hereby dismissed and stricken from the docket.

This the 17th day of January 1984.

/s/ Scott Reed
JUDGE