

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-16-2007

# Pittman v. McDuffy

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2194

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Pittman v. McDuffy" (2007). *2007 Decisions*. Paper 763.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/763

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-2194
_____

WILLIAM PITTMAN,
                    Appellant
vs.

WILLIAM MCDUFFY; JOHN FRANKLIN; JOSEPH ERNEST; STEVEN
WILCZNSKY; JOHN PIERRE THERRIEN; ROBIN RENTENBERG, SGT.; JIM
KEANE, CHIEF; SANDRA HEHN; BOROUGH OF METUCHEN

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. No. 04-cv-04505)
District Judge: Honorable William J. Martini

_____

Submitted Under Third Circuit LAR 34.1(a)
July 3, 2007
Before:  FISHER, ALDISERT and WEIS, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed: July 16, 2007)

_____

OPINION

PER CURIAM.

        The district court issued an order granting summary judgment in favor of

1

appellees, and Pittman filed this timely appeal.  We will affirm the district court's order.[1]

## I.

On August 21, 1999, Pittman was arrested by Therrien, Ernest, and Franklin, police officers of the Borough of Metuchen Police Department.  The circumstances of Pittman's arrest were as follows:  After receiving a warning from a neighbor, a resident at 78 Kempson Place in Metuchen, New Jersey, called the police to report a prowler in her yard.  In response, Therrien was dispatched to the residence.  As Therrien was approaching the residence, he turned onto Peltier Avenue, a block away and parallel to Kempson Place.  According to Pittman, at that time he was walking down Peltier Avenue when Therrien approached him in his patrol car with the car's high-beam lights activated.[2]  Pittman made a running attempt to get out of the way of, or away from, the car.  After a short foot chase he was apprehended.  Therrien then handcuffed Pittman

---

[1] We have jurisdiction under 28 U.S.C. § 1291 to review the district court's order.  "We exercise plenary review over a district court's decision to grant summary judgment."  Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004).  Summary judgment is appropriate when the admissible evidence fails to demonstrate a dispute of material fact and the moving party is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  In reviewing the record, "a court must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor."  Armbruster v. Unisys Corp., 32 F.3d 768, 777 (3d Cir. 1994).

[2] Appellees maintain that Pittman, who was standing on Peltier Avenue, began to run when he saw Therrien's patrol car and not because the car was in any danger of hitting Pittman.  According to appellees, Therrien gave chase and found Pittman hiding in the bushes of a residence on Peltier Avenue abutting 78 Kempson Place.

and placed him in the rear of his patrol vehicle. Therrien drove Pittman to 78 Kempson Place where Therrien spoke with the neighbor who had made the initial call alerting the resident of 78 Kempson Place. According to Pittman, the neighbor never positively identified Pittman as the individual the neighbor had seen at 78 Kempson Place. Pittman claims that the implication that he was involved was merely based on the fact that both the suspected prowler and Pittman were black men.

Pittman was charged with criminal trespass in violation of New Jersey law. See N.J. Stat. Ann. § 2C:18-3(c). On June 7, 2001, a Grand Jury returned an indictment of two counts of criminal trespass against Pittman.[3] After a bench trial, on October 9, 2002, Pittman was found not guilty on both counts. The trial judge held that the state had failed to meet its burden of proof.

Pittman filed the underlying pro se civil rights complaint in the United States District Court for the District of New Jersey on September 14, 2004, asserting claims of malicious prosecution, as well as false arrest.[4] The appellees moved for summary judgment seeking a dismissal of Pittman's complaint with prejudice. Pittman

---

[3] The first count of Pittman's indictment related to another incident occurring on August 1, 1999. Although some of Pittman's later filings address this incident, his complaint focuses exclusively on his August 21, 1999 arrest and subsequent prosecution.

[4] Pittman also alleged violations of his First, Ninth, and Fourteenth Amendment rights. We construe only Pittman's false arrest and malicious prosecution claims arising under the Fourth Amendment.

cross-moved for summary judgment on December 13, 2005.  In an order and letter opinion, dated March 21, 2006, the district court granted the appellees' various motions for summary judgment, denied Pittman's cross-motion, and dismissed Pittman's complaint.  Pittman timely appealed.

## II.

An arrest made without probable cause creates a cause of action for false arrest under 42 U.S.C. § 1983.  See Dowling v. City of Phila., 855 F.2d 136, 141 (3d Cir. 1988).  In order "[t]o prove malicious prosecution under section 1983 when the claim is under the Fourth Amendment, a plaintiff must show that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding."  Johnson v. Knorr,  477 F.3d 75, 81-82 (3d Cir. 2007) (citing Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003)).  "To prevail on [a malicious prosecution] claim, [one] must show that the officers lacked probable cause to arrest."  Wright v. City of Phila., 409 F.3d 595, 603-04 (3d Cir. 2005) (involving § 1983 claims for both false arrest and malicious prosecution); see also Johnson, 477 F.3d at 82 (declining to apply Wright, and remanding, in a malicious prosecution action where additional charges beyond the charge for which the claimant was arrested may not have

been supported by probable cause). Thus, our determination of whether the district court was correct in granting summary judgment on both the false arrest and malicious prosecution claims may rest on whether there was probable cause to arrest Pittman. See Montgomery v. De Simone, 159 F.3d 120, 124 (3d Cir. 1998) ("Summary judgment on Montgomery's malicious prosecution claim therefore is only appropriate if taking all of Montgomery's allegations as true and resolving all inferences in her favor, a reasonable jury could not find a lack of probable cause for Montgomery's stop and arrest.").

### III.

"[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge [at the moment the arrest was made] are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested."[5] Estate of Smith, 318 F.3d at 514 (citing Orsatti v. N.J. State Police, 71 F.3d 480, 482 (3d Cir. 1995)). We apply a "'common sense' approach," based on the totality of the circumstances, to determine whether there was probable cause to arrest. Paff v. Kaltenbach, 204 F.3d 425, 436 (3d Cir. 2000) (quoting

---

[5] The parties do not dispute the district court's characterization that upon encountering Pittman, Therrien formally arrested him when he handcuffed him, placed him in the back of his patrol car, and transported him to 78 Kempson Place for witness identification. See United States v. Sharpe, 470 U.S. 675, 685-87 (1984); see also Baker v. Monroe Twp., 50 F.3d 1186, 1193 (3d Cir. 1995) ("In this case, adding up the use of guns and handcuffs and, indeed, the length of the detention, shows a very substantial invasion of the Bakers' personal security" and thus a formal arrest).

Sharrar v. Felsing, 128 F.3d 810, 818 (3d Cir. 1997)). "[T]he evidentiary standard for probable cause is significantly lower than the standard which is required for conviction." Wright, 409 F.3d at 602 (citing Michigan v. DeFillippo, 443 U.S. 31, 36 (1979)). In general, "the question of probable cause in a section 1983 damage suit is one for the jury." Montgomery, 159 F.3d at 124. A district court, however, may conclude that probable cause exists as a matter of law and grant summary judgment if the evidence, when viewed in the light most favorable to the plaintiff, would not reasonably support a contrary factual finding. See Sherwood v. Mulvihill, 113 F.3d 396, 401 (3d Cir. 1997).

Under the totality of the facts and circumstances, even when viewed in the light most favorable to him, we find that there was probable cause to arrest Pittman. It is "well established that where police officers reasonably suspect that an individual may be engaged in criminal activity, and the individual deliberately takes flight when the officers attempt to stop and question him, the officers generally no longer have mere reasonable suspicion, but probable cause to arrest." United States v. Laville, 480 F.3d 187, 195 (3d Cir. 2007) (quoting United States v. Sharpe, 470 U.S. 675, 705 (1985) (Brennan, J., dissenting)).

Facts indicating wrongdoing on Pittman's part, prior to his flight, were plainly present here. First, as evidenced in the record, when Therrien approached the scene, he was aware of another suspected "Peeping Tom" who had been active in the town of Metuchen for approximately a year and the description of this individual matched

6

Pittman's appearance. Second, Pittman was located in extremely close temporal and geographic proximity to crime reported at 78 Kempson Place. Therrien came upon Pittman immediately after he was dispatched and, though he was walking on a sidewalk on Peltier Avenue prior to fleeing from Therrien's patrol car, Pittman was located in front of a home with a backyard directly abutting 78 Kempson Place.

Accordingly, we conclude that the district court was correct in granting summary judgment to the appellees on Pittman's false arrest and malicious prosecution claims on the basis that Pittman's arrest was supported by probable cause.[6] For the foregoing reasons, we will affirm the district court's order.

---

[6] We note that there was further probable cause to initiate criminal proceedings against Pittman, under the standard for malicious prosecution, given the witness identification and grand jury indictment occurring after his initial arrest. See Rose v. Bartle, 871 F.2d 331, 353 (3d Cir. 1989) ("a grand jury indictment or presentment constitutes prima facie evidence of probable cause to prosecute, . . . this prima facie evidence may be rebutted by evidence that the presentment was procured by fraud, perjury or other corrupt means.")