

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-28-2008

# William Pittman v. John Therrien

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1016

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"William Pittman v. John Therrien" (2008). *2008 Decisions*. Paper 1122.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1122

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-197                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1016
_____

WILLIAM PITTMAN,
                                              Appellant

v.

WILLIAM MCDUFFY; JOHN FRANKLIN; JOSEPH ERNEST;
STEVEN WILCZNSKY, SGT.; JOHN PIERRE THERRIEN;
ROBIN RENTENBERG, SGT.; JIM KEANE, CHIEF; SANDRA HEHN;
BOROUGH OF METUCHEN

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 04-4505)
District Judge:  Honorable William J. Martini

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 15, 2008

Before:  SLOVITER, FISHER and HARDIMAN, <u>Circuit Judges</u>.

(Filed:  May 28, 2008)
_____

OPINION
_____

PER CURIAM

In March 2006, the District Court granted the defendants' motions for summary judgment in an action brought by William Pittman, who asserted claims of malicious prosecution and false arrest. We affirmed the District Court's order. See Pittman v. McDuffy, 240 Fed. Appx. 524 (3d Cir. 2007). One month later, Pittman filed in this Court a "Motion to Amend Complaint." By Clerk's order, this Court stated that "[n]o action will be taken on the foregoing Motion since the above-entitled appeal has been decided and all proceedings in regard to it concluded. Any further new matters in regard to the case must be filed in the District Court."

Pittman next filed in the District Court a "Motion to Amend Complaint Due to Factual Findings, Also Not Including Date, On Complaint." This document was virtually identical to the Motion to Amend that was rejected by this Court. The District Court found no grounds upon which to grant the motion, noting that it would be untimely if construed as a motion pursuant to Fed. R. Civ. P. 60(b). Pittman appealed. The appellees have filed a motion to dismiss the appeal.[1]

This Court reviews the denial of a motion to amend a complaint for abuse of discretion. See Garvin v. City of Phila., 354 F.3d 215, 219 (3d Cir. 2003) (citation

[1]The appellees have also asked that Pittman be enjoined from filing further pleadings related to this matter in state and federal court. This request is denied. Cf. Matter of Packer Ave. Assocs., 884 F.2d 745, 747 (3d Cir. 1989) (holding that enjoining litigants from filing meritless pleadings that duplicate ones already adjudicated is an extreme measure that must "be narrowly tailored and sparingly used.").

omitted). Federal Rule of Civil Procedure Rule 15(a) favors allowing amendments to complaints "when justice so requires," in the absence of any apparent or declared reason, such as undue delay, bad faith, or undue prejudice. See Foman v. Davis, 371 U.S. 178, 182 (1962). However, discretion to grant amendments under Rule 15(a) "narrows considerably after entry of judgment." Vielma v. Eureka Co., 218 F.3d 458, 468 (5th Cir. 2000). Indeed, after final judgment, leave to amend will be granted only sparingly, and will be the "long-odds exception." Werner v. Werner, 267 F.3d 288, 296 (3d Cir. 2001) (internal quotation marks omitted); see also Ahmed v. Dragovich, 297 F.3d 201, 207-08 (3d Cir. 2002) (stating that "the liberality of [Rule 15] is no longer applicable once judgment has been entered").

Pittman filed the Motion to Amend after the District Court entered its final judgment and after this Court affirmed that order. It appears that Pittman sought to amend his complaint to include claims related to an incident that occurred on August 1, 1999. Nowhere, however, has he presented any compelling reason why he should have been granted leave to amend. Notably, Pittman could have included in his original complaint any allegations pertaining to the August 1, 1999 incident. Indeed, in Pittman's previous appeal, we noted that the first count of his indictment pertained to an August 1, 1999 incident, but that his complaint focused exclusively on claims arising from his arrest on August 21, 1999. See Pittman, 240 Fed. Appx. 524, 525 n.3. Under these circumstances, allowing him to amend his complaint after his appeal has been rejected

3

would be unduly prejudicial to the defendants. Moreover, there was no justification for granting relief under Federal Rule of Civil Procedure 60(b). Therefore, the District Court did not abuse its discretion in denying the Motion to Amend.

Because this appeal presents us with no substantial question, see I.O. P. 10.6, we will summarily affirm.[2]

---

[2]The Appellees' motion to dismiss is denied as moot.