ALD-236                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4246
_____

WILLIAM PITTMAN,
                                   Appellant,

v.

METUCHEN POLICE DEPARTMENT; BOROUGH
OF METUCHEN; SERGEANT ROBIN RENTENBERG;
VINCENT RUSSO; MICHAEL KILKER; DAVID
IRIZARRY; SERGEANT STEVEN WILCZNSKY; ARTHUR
FLAHERTY; STEVEN MANAFRO; SERGEANT WILLIAM
MCDUFFY; MIDDLESEX COUNTY PROSECUTOR'S
OFFICE; PROSECUTOR BRUCE KAPLAN; ASSISTANT
PROSECUTOR SEANNA PAPPAS; ASSISTANT
PROSECUTOR JULIE DAVIDSON; ANTHONY CARRO;
ASSISTANT PROSECUTOR CARLOS JIMENEZ;
ASSISTANT PROSECUTOR HAROLD FULLILOVE;
CHIEF KEANE; JAMES T. O'BRIEN, Investigator
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 08-cv-02373)
District Judge: Honorable Garrett E. Brown, Jr.
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 14, 2011

Before:  SCIRICA, HARDIMAN and VANASKIE, Circuit Judges

(Opinion filed:  August 2, 2011)
_____

OPINION
_____

PER CURIAM

Appellant William Pittman appeals form orders of the District Court granting the defendants' motions for summary judgment and to dismiss the amended complaint. For the following reasons, we will dismiss the appeal as frivolous.

On May 13, 2008, Pittman filed an in forma pauperis civil rights action, 42 U.S.C. § 1983, against the Borough of Metuchen, the Metuchen Police Department, and numerous individual Metuchen police officials and officers. In an amended complaint, Pittman added the Metuchen Prosecutor's Office and numerous individual prosecutors as defendants. Pittman alleged constitutional claims of false arrest and false imprisonment, assault, conspiracy, and malicious prosecution in connection with his arrests on May 7, May 8, and May 9, 2003, for incidents that occurred on March 7, May 1, and May 7, 2003. Following his arrests, the Grand Jury returned an indictment charging Pittman with three counts of peering on March 7, May 1, and May 7, in violation of N.J. Stat. Ann. § 2C:18-3(c); one count of criminal trespass, in violation of N.J. Stat. Ann. § 2C:18-3(b); and one count of resisting arrest, in violation of N.J. Stat. Ann. § 2C:29-2(a). Pittman pleaded guilty to a nighttime criminal trespass at the residence of Sean Cook on March 7, 2003, N.T., 6/13/06, at 12, and, in exchange for his guilty plea, the remaining charges were dismissed. Pittman was sentenced to 30 days in the Middlesex County Correctional facility. He did not appeal his conviction and sentence, and it thus remains valid.

2

Pursuant to a duly filed motion, the District Court dismissed the Metuchen Prosecutor's Office from the case on the basis of Eleventh Amendment immunity. The remaining defendants answered the complaint. Pittman was deposed, and, at the close of discovery, the remaining defendants moved for summary judgment under Rule 56, Fed. R. Civ. Pro. In an order entered on October 13, 2010, the District Court granted the defendants' motions for summary judgment. In the main, the court determined that Pittman's claims were barred by a two-year statute of limitation for personal injury actions. Pittman filed a motion for reconsideration, which the District Court denied in an order entered on April 15, 2011.

Pittman appeals. We have jurisdiction under 28 U.S.C. § 1291. Our Clerk granted him leave to appeal in forma pauperis and advised him that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6.

We will dismiss the appeal as frivolous. An appellant may prosecute his appeal without prepayment of the fees, 28 U.S.C. § 1915(a)(1), but the in forma pauperis statute provides that the Court shall dismiss the appeal at any time if the Court determines that it is frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). An appeal is frivolous when it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Our review of the District Court's grant of summary judgment is plenary. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of

3

law.  See id.  A genuine issue of material fact is one that could change the outcome of the litigation.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).

The statute of limitation for a civil rights violation is borrowed from the forum state's personal injury statute.  See Wilson v. Garcia, 471 U.S. 261 (1985).  In New Jersey, the statute of limitation for personal injury claims, including assault, is two years.  N.J. Stat. Ann. § 2A:14-2; Cito v. Bridgewater Township Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989).  Although state law determines the applicable limitation period, federal law dictates when the action accrues.  Montgomery v. DeSimone, 159 F.3d 120, 126 (3d Cir. 1998).  Claims for false arrest and assault typically accrue on the date of the arrest or assault, because that is when the plaintiff has reason to know of his injury, see id.[1]  A claim for false imprisonment accrues when an arrestee appears before a magistrate and is bound over for trial, because, after that, he is being held pursuant to legal process.  Wallace v. Kato, 549 U.S. 384, 389-90 (2007).  Pittman's claims of false arrest (including his claim of a conspiracy among the police officers to concoct evidence to arrest him), false imprisonment, and assault accrued no later than when his arrests and detention occurred in 2003.  The limitation period expired two years later, and thus well before Pittman filed the instant action in May, 2008.  Summary judgment for the defendants thus was proper on these claims.

We also agree with the District Court's alternative determination that Pittman's Fourth Amendment claims of false arrest and false imprisonment, see Dowling v. City of

---

[1] With respect to the assault claim, we note that Pittman contended that defendant Sergeant McDuffie snatched his cellular telephone from him on May 1, 2003.

4

Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988), do not survive a summary judgment motion. Where there is probable cause to arrest, an action for damages for false arrest and false imprisonment will not lie. See Groman v. Township of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995). Evaluation of probable cause must be measured against the charges filed. See Orsatti v. New Jersey State Police, 71 F.3d 480 (3d Cir. 1995). "A person commits a petty disorderly persons offense [of trespassing] if, knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given." N.J. Stat. Ann. § 2C:18-3(b). "A person commits a crime [of peering] if, knowing that he is not licensed or privileged to do so, he peers into a window or other opening of a dwelling or other structure adapted for overnight accommodation for the purpose of invading the privacy of another person and under circumstances in which a reasonable person in the dwelling or other structure would not expect to be observed." N.J. Stat. Ann. § 2C:18-3(c). "[A] person is guilty of [resisting arrest] if he purposely prevents or attempts to prevent a law enforcement officer from effecting an arrest…." N.J. Stat. Ann. § 2C: 29-2(a).

The unrebutted evidence in support of the defendants' motions for summary judgment shows ample probable cause to arrest Pittman on the peering, trespass, and resisting arrest counts. For example, he was adequately identified by the complaining witnesses, who variously complained that he was looking into windows, or standing on their rear decks, or their neighbor's rear decks, and peering into residences. [2] In addition,

---

[2] On March 7, 2003, complaining witness Sean Cook told Sergeant McDuffie and Corporal MacMath that a man, who turned out to be Pittman, was standing on his rear

5

the "peering" perpetrator was directly linked by the police to an older model, two-door Honda Prelude with a trunk rack; that automobile indisputably belonged to Pittman. Because there was probable cause to arrest Pittman, his claim of a "retaliatory" arrest, which appears to stem from his acquittal of similar charges following an August, 1999 arrest, see Pittman v. McDuffy, 240 Fed. Appx. 524, 527 (3d Cir. 2007) (although he was subsequently found not guilty of criminal trespass, probable cause existed for arrest of defendant because his description matched that of the suspected "Peeping Tom" who had been active in the area, and because he was located in "extremely close temporal and geographic proximity" to the crime), also does not present a genuine issue for trial. For the same reason, his Equal Protection claim of a racially motivated arrest presents no triable issue. Anderson, 477 U.S. at 247.

To the extent that Pittman relied on the tort of malicious prosecution in support of his claim for damages, the claim relating to his criminal trespass conviction is barred by Heck v. Humphrey, 512 U.S. 477 (1994).[3] Heck holds that, where success in a section 1983 action would necessarily imply the invalidity of a conviction or sentence, an

deck. On May 1, 2003, Mary Lou Roma-Scott told Officers Flaherty and Russo that a man, who turned out to be Pittman, was standing on her rear deck. On May 7, 2003, Cook again called the police after he saw a man, who turned out to be Pittman, peering into the home of his neighbor, Marilyn Schmied. Cook stated that a chair had been taken from his deck and placed under the window of Ms. Schmied's house. Cook chased Pittman and confronted him; he told police Pittman was the same individual he saw peering into his house on March 7, 2003.

[3] A section 1983 action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated. See id. at 489-90.

individual's suit for damages or equitable relief is barred unless he can demonstrate that his conviction or sentence has been invalidated. See id. at 486-87. See also Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). Pittman's malicious prosecution claim, if successful, would necessarily imply the invalidity of his conviction for criminal trespass. However, we need not apply Heck to the negotiated plea achieved in this case, because the malicious prosecution claim fails on its own terms. Kossler v. Crisanti, 564 F.3d 181, 190 n.6 (3d Cir. 2009). To state a claim of malicious prosecution under section 1983 and New Jersey law, a plaintiff must show that the criminal action ended in his favor. The criminal action did not end in Pittman's favor. As explained by the District Court, where criminal charges – like the peering and resisting arrest charges in Pittman's case – are withdrawn pursuant to an agreement or compromise with the defendant, the termination is not considered favorable for purposes of a malicious prosecution action. See Mondrow v. Selwyn, 412 A.2d 447, 450-561 (N.J. Super. Ct., App. Div. 1980); Thomas v. N.J. Institute of Technology, 427 A.2d 1142, 1143 (N.J. Super. Ct., Law Div. 1981).[4]

For the foregoing reasons, we will dismiss the appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

---

[4] Because the claim cannot proceed, the issue of the defendants' various immunities need not be reached.