JOSEPH A. DUNCAN, WILLIAM LUDWIG AND ANDREW KYACK, PETITIONERS, v. BOARD OF FIRE AND PO-LICE COMMISSIONERS OF THE CITY OF PATERSON AND JAMES H. COSINE, DEFENDANTS.

Argued February 6, 1943—Decided April 19, 1944.

Before Justice HEHER, at the Passaic Circuit, pursuant to *R. S.* 11:25–4.

For the petitioners, *Merrey & Merrey* (*Edward F. Merrey*, of counsel).

For the defendant Board of Fire and Police Commissioners, *John F. Evans*.

For the defendant James H. Cosine, *Randal B. Lewis*.

HEHER, J.   Here, the jurisdiction of *R. S.* 11:25–4 is invoked.   The question for decision is whether *section* 11:22–16 of the Civil Service Act was disregarded in the promotion of certain patrolmen of the police force of the City of Paterson to the rank of sergeant.

The Civil Service Commission certified the first twelve names on the register of eligibles for "ten promotions to sergeant." This was done pursuant to a rule of the Commission. *R. S.* 11:10–1 provides that the first three names shall be certified for the filling of a vacant position, and, if more than one vacancy is to be filled, "an additional name shall be certified for each additional vacancy." The petitioner, Ludwig, was No. 7 on the list so submitted; Duncan was No. 9; and Kyack was No. 10. By a single resolution, the defendant board appointed as sergeants Nos. 2, 3, 4, 5, 6 and 8. Later, at the request of the local board, the Commission certified four additional names, in the order in which they appeared on the roster of eligibles, with the explanation that the certification was "made to fill eight vacancies" in the rank of sergeant, and that "our records indicate that you have the names of six eligibles before you and we are therefore submitting but four names to complete the certification." Thereafter, the local board appointed as sergeants Nos. 1, 11, 12 and 13 on the eligible list so certified. James H. Cosine was No. 13. These promotions were made by four separate resolutions adopted at the one meeting. The Civil Service Commission approved the appointments thus made.

In brief, the points made are that No. 1, one O'Brien, having been thereby "passed thrice," was ineligible to appointment until recertified; that, since the appointing authority originally designed to make but ten appointments, and the appointments did not exceed that number, it was confined in its selections to the first twelve candidates certified, and therefore the subsequent certification of four additional names (the first list not having been exhausted), and the appointment of Cosine (No. 1 on the second list and No. 13 if the two lists are considered as one), were in violation of the Civil Service Act. The contention *contra* is that, under *R. S.* 11:10–1 and 11:22–17, the promotions must be viewed as having been "made singly," and the local board "was under no duty to treat Nos. 1 and 7 as on the list any further."

After the argument of the issues raised, Cosine was made a party defendant; and a reargument was then had. This course was taken in response to the court's suggestion that

all sergeants whose appointments were assailed be made parties to the proceedings. *Vide MacFall* v. *Dover,* 70 *N. J. L.* 518; *Magner* v. *Bayonne,* 74 *Id.* 185. Apparently, only Cosine's title is now in question.

Petitioners have misconceived the remedy. The summary review provided by *R. S.* 11:25–4, *supra,* is not available in the circumstances here presented. Cosine is in possession of a public office under a claim of title; and the object of this inquiry is to have his title adjudged invalid and his ouster directed as a usurper. *Quo warranto* is the exclusive legal remedy to try the title to an office; and one not himself claiming title to the office may file an information in the nature of a *quo warranto* in the name of the Attorney-General, but only by leave of this court or one of its justices. *R. S.* 2:84–1, 2:84–7; *Bradshaw* v. *Camden,* 39 *N. J. L.* 416; *Loper* v. *Millville,* 53 *Id.* 362; *Wilson, Attorney-General,* v. *Ramsey,* 86 *Id.* 263; *Moore* v. *Borough of Bradley Beach,* 87 *Id.* 391; *Murphy* v. *Freeholders of Hudson County,* 92 *Id.* 244; *Campbell* v. *Brennan,* 105 *Id.* 11; *Speck* v. *Fairview,* 7 *N. J. Mis. R.* 410; *Harcher* v. *Hurley,* 116 *N. J. L.* 18; *Chapman* v. *Frobisher,* 123 *Id.* 127. Although the term "office" is used, *section* 11:25–4, *supra,* concerns only the selection of "persons for employment," as distinguished from public officers.

A police sergeant is the holder of a public office. In some of the cases, a policeman's place was termed a "position," or rather, such was the assumption, the point not being in controversy. *e. g., Leary* v. *Orange,* 59 *N. J. L.* 350; *Herbert* v. *Atlantic City,* 87 *Id.* 98. In *Keegan* v. *Bayonne,* 81 *Id.* 120, a police sergeancy was referred to both as a "position" and an "office." But where the question has been directly met, it has been consistently held since it was first mooted that a policeman is a public officer, especially one having a superior rank. *Hoboken* v. *Gear,* 27 *Id.* 265; *Hillel* v. *Edgewater,* 106 *Id.* 481; *Harcher* v. *Hurley, supra; Loper* v. *Millville, supra; State* v. *Rahway,* 2 *N. J. Mis. R.* 742; *Van Sant* v. *Atlantic City,* 68 *N. J. L.* 449; *Carroll* v. *Bayonne,* 3 *N. J. Mis. R.* 308. A police sergeancy has been classified as an office of a "higher grade." *Cobb* v. *Wildwood,* 11 *Id.* 176. In *Hillel* v. *Edgewater, supra,* our court of last resort deemed

patrolmen to be "public officers." Resort to the record shows this to be the case.

The test of a public office is whether the incumbent is "concerned in the administration of public duties?" "Is he invested with any portion of political power partaking in any degree in the administration of civil government, and performing duties which flow from the sovereign authority? If so, his office is a public office." *Hoboken* v. *Gear, supra.* See, also, *Uffert* v. *Vogl,* 65 *N. J. L.* 377; *Hardy* v. *Orange,* 61 *Id.* 620; *Dolan* v. *Orange,* 70 *Id.* 106. An office is a place in a governmental system "created or recognized by the law of the state which, either directly or by delegated authority, assigns to the incumbent thereof the continuous performance of certain permanent public duties." *Fredericks* v. *Board of Health,* 82 *Id.* 200.

The policeman is recognized as a "public officer" by the charter of the City of Paterson. Thereby, the "police officers" of the city are invested with all the power of a constable. *Pamph. L.* 1871, *ch.* 325, §§ 32, 33. A constable is a public officer. *Loper* v. *Millville, supra.* Such authority is also conferred by *R. S.* 40:47–15. Our general statute law regards the policeman as an "officer." *R. S.* 2:206–2; 33:1–71; 39:5–25.

I am unable to accept petitioners' contention that, under the doctrine of *McGuire* v. *De Muro,* 98 *N. J. L.* 684, they have no standing to invoke the writ of *quo warranto,* and will therefore he remediless unless the rank of sergeant be held to be a position. As indicated in the opinion in that case, they may proceed under section 2:84–7, *supra,* if they lay claim to the office held by Cosine. There is no occasion now to determine whether that position would be tenable in these circumstances. It would seem to find support in the last cited case. If they are not claimants, they must qualify under *section* 2:84–1, *supra.*

The petition is dismissed, without costs, and without prejudice, to the end that petitioners may proceed by *quo warranto,* if they see fit.