ROBERT M. KERWICK, PLAINTIFF, v. MAYOR AND COUNCIL OF THE CITY OF TRENTON, DEFENDANTS.

Superior Court of New Jersey
Law Division Mercer County

Decided March 12, 1982.

*G. Robert Wills* for plaintiff (*Strauss, Wills, O'Neill & Voorhees,* attorneys).

*Michael L. Bitterman* for defendants (*George T. Dougherty,* attorney).

LEVY, J. S. C.

The issue before the court is whether a plea agreement, resulting in a dismissal of an indictable offense and a conditional discharge of a possessory drug offense, is a disposition which

would support a claim for reimbursement by a municipality of counsel fees incurred by a public employee originally charged with misconduct in office. It appears this is a matter of first impression. It is before the court on cross-motions for summary judgment as there are no material issues of fact.

Plaintiff Robert Kerwick, a Trenton police officer when he was indicted on January 19, 1979 for misconduct in office and filing a false police report, made a plea agreement regarding these charges. As a result, on July 12, 1979 he pled guilty to a disorderly persons complaint charging constructive possession of less than 25 grams of marijuana, in violation of *N.J.S.A.* 24:21–20 a(4). Judgment of conviction was withheld, the guilty plea was immediately vacated and plaintiff was granted a conditional discharge and placed under supervision pursuant to *N.J.S.A.* 24:21–27 a(2). In accord with the plea agreement, the charges of filing a false police report and misconduct in office were dismissed. When plaintiff successfully completed the supervisory program, the supervision was terminated and the proceedings under *N.J.S.A.* 24:21–20 a(4) were dismissed pursuant to *N.J.S.A.* 24:21–27 b. On April 10, 1981 an order was signed expunging the arrest and all records relating to the indictment and conditional discharge.

Plaintiff observes that *N.J.S.A.* 40A:14–155 requires a municipality to provide a police officer with a legal defense in any proceeding related to his duties except "in a criminal proceeding instituted as a result of a complaint on behalf of the municipality." If that exception applies, the municipality would be required to reimburse him for the expense of his defense if the charges are "dismissed or finally determined in [his] favor." Plaintiff contends that since the charges were made on behalf of the city and all the charges were ultimately dismissed, he is entitled to reimbursement for the expense of his defense of these charges. This court does not agree that the result was either a dismissal or a favorable determination within the intent of the statute.

■ A police officer charged with filing a false police report and misconduct in office comes within the terms of the statute concerning "a complaint on behalf of the municipality," whether he was charged with acts constituting malfeasance, misfeasance or nonfeasance. *Cf. State v. Begyn*, 34 *N.J.* 35, 49 (1961). It does not matter whether the Trenton Police Department or the Mercer County Prosecutor instituted the charges. Rather, the focus is on the substance of the crimes charged, and in this matter that focus is on the official duty of a police officer to file a report of a violation he observed. Therefore plaintiff's success or failure depends on the outcome of the charges for which he was indicted: Were they either dismissed or finally determined in his favor?

If the statutory language is read literally, plaintiff should prevail because the indictment was dismissed by order of the court on July 12, 1979. But the matter is not quite so simple, since the language of the order of dismissal specified that the basis for the dismissal was plaintiff's plea and sentence on a disorderly persons offense under *N.J.S.A* 24:21–20 a(4) "arising from the same incident" as the misconduct in office for which he was indicted.

Plaintiff also argues that the eventual dismissal of the disorderly persons proceedings pursuant to *N.J.S.A.* 24:21–27 b was a result "finally determined in [his] favor," as intended by *N.J.S.A.* 40A:14–155. Termination of supervisory treatment and dismissal under *N.J.S.A.* 24:21–27 b "shall be without court adjudication of guilt and shall not be deemed a conviction for purposes of disqualifications or disabilities, if any, imposed by law upon conviction of a crime or disorderly persons offense." This form of dismissal, however, does not amount to exoneration of the charges resulting from the complaint made on behalf of the City of Trenton. He is no longer eligible for conditional dismissal and supervisory treatment if, in the future, he is charged with a minor possessory offense. *N.J.S.A.* 24:21–27 b. His treatment in 1979 was a part of the sentencing procedure of the court, and in the future it may bear on his "culpability and

awareness of the criminal implications of his conduct," as well as his amenability to rehabilitation or the likelihood of his being deterred. *See State v. Marzolf*, 79 *N.J.* 167, 176 (1979). This disposition of the charges may be revealed later for purposes of sentencing although it will not be given the weight of a criminal conviction.

Disposition pursuant to *N.J.S.A.* 24:21–27 is a diversion from the criminal justice system as a part of the sentencing procedure. *Cf. R.* 3:29. A court must consider the "whole person" and determine whether or not he is fit for § 27 diversionary treatment. *See State v. Sanders*, 171 *N.J.Super.* 515 (App.Div. 1979); *cf. State v. Banks*, 157 *N.J.Super.* 442 (Law Div. 1978).

An examination of the purposes of § 27 discloses the limitations placed upon a defendant sentenced thereunder as compared to one who was found "not guilty" at trial. Those purposes are (1) to rehabilitate a drug user, (2) to counsel, advise and monitor a drug possessor in order to prevent his involvement in drug use and (3) to avoid placing the stigma of a criminal conviction on a first offender if he can be freed from his drug involvement. The thrust of a discharge pursuant to § 27 is "to give first offenders a chance to make a fresh start and to do so without the stigma of a criminal record." *See State v. Alston*, 71 *N.J.* 1, 6 (1976). None of those purposes are relevant if the accused is exonerated by acquittal after trial or by order of an appellate court.

In *Kauffman v. Glassboro*, 181 *N.J.Super.* 273, 278 (App.Div. 1981), a police officer was subjected to disciplinary charges because he had been indicted for breaking and entering with intent to steal. After the indictment was dismissed the disciplinary matter was settled when the municipality agreed to partial back pay for the officer and he agreed to a six-month suspension from the force without salary. The court said it would be inappropriate to characterize this settlement as a favorable disposition. Rather, it held that the police officer's claim for reimbursement of legal expenses connected with the disciplinary

proceedings was manifestly outside the contemplation of *N.J. S.A.* 40A:14–155.

It has already been said, with regard to *N.J.S.A.* 40A:14–155, that "in some instances there is no surer way to misread a document than to read it literally." *Valerius v. Newark*, 84 *N.J.* 591, 598 (1980). Clearly the statute intends that only an exoneration of the officer will entitle him to reimbursement of legal expenses. By taking advantage of § 27 diversionary treatment plaintiff cannot use a legal fiction to support a conclusion that there was a final determination in his favor. Disposition in his favor means exculpation and not some lesser degree of success.

Plaintiff's motion for summary judgment is denied and defendants' cross-motion for summary judgment is granted.