606 A.2d 849

SANDRA CRESSINGER, PLAINTIFF–APPELLANT, v. BOARD
OF EDUCATION OF THE CITY OF NEWARK,
DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted March 30, 1992—Decided May 1, 1992.

Before Judges PETRELLA, A.M. STEIN and KESTIN.

*Greenberg Margolis,* attorneys for appellant (*S.M. Chris Franzblau,* of counsel, *Glenn R. Turtletaub* on the brief and reply brief).

*Marvin L. Comick,* General Counsel, attorney for respondent (*Robin T. McMahon,* Associate Counsel, on the brief).

The opinion of the court was delivered by

ARNOLD M. STEIN, J.A.D.

We affirm the Law Division's order granting summary judgment to defendant. We agree with Judge Villanueva's holding that successful completion of a pretrial intervention program is not a favorable termination of a criminal proceeding and does not entitle plaintiff, a board of education employee, to reimbursement of counsel fees under *N.J.S.A.* 18A:16–6.1.

Plaintiff was employed by the Newark Board of Education as a supervisor of custodians. Her job required her to travel to different schools. While driving from one school to another, her vehicle collided with a van, killing one of the van's passengers. She claimed that an epileptic episode caused her to have the accident.

Defendant was indicted for first degree aggravated manslaughter, *N.J.S.A.* 2C:11–4c. She was eventually accepted into and completed the Essex County PTI program and her indictment was dismissed. She sought reimbursement for counsel fees under *N.J.S.A.* 18A:16–6.1:

> Should any criminal action be instituted against any ... person [holding any office, position or employment under the jurisdiction of any board of education] for any ... act or omission [arising out of and in the performance of his duties] *and should such proceeding be dismissed or result in a final disposition in favor of such person,* the board of education shall reimburse him for the cost of defending such proceeding, including reasonable counsel fees and expenses of the original hearing or trial and all appeals. (emphasis added).

In *Rubin v. Nowak,* 248 *N.J.Super.* 80, 83, 590 *A.*2d 249 (App.Div.1991), we held that administrative dismissal of a criminal charge by the prosecutor pursuant to *R.* 3:25–1 was a favorable termination of a criminal proceeding for the purpose of supporting plaintiff's action for malicious prosecution. We stated in *dictum* that there is no favorable termination of a criminal proceeding where the accused is accepted in a pretrial

intervention program. We said: "The inquiry ... focuses on whether the termination was or was not dispositive as to the accused's innocence of the crime for which he was charged." *Id.* at 83, 590 *A.*2d 249.

In *Kerwick v. Trenton,* 184 *N.J.Super.* 235, 445 *A.*2d 482 (Law Div.1982), the Law Division held that a police officer who successfully completed a diversionary program resulting in dismissal of the charge of possessing less than 25 grams of marijuana was not entitled to recovery of legal fees under *N.J.S.A.* 40A:14–155, which provides for reimbursement to a police officer for the expense of his defense when criminal charges are "dismissed or finally determined in [his] favor." We find Judge Levy's conclusion applicable to this case:

> Clearly the statute intends that only an exoneration of the officer will entitle him to reimbursement of legal expenses. By taking advantage of ... diversionary treatment plaintiff cannot use a legal fiction to support a conclusion that there was a final determination in his favor. Disposition in his favor means exculpation and not some lesser degree of success. *Id.* at 240, 445 *A.*2d 482.

*See also Lindes v. Sutter,* 621 *F.Supp.* 1197, 1201 (D.N.J.1985), and *Thomas v. N.J. Inst. of Technology,* 178 *N.J.Super.* 60, 62, 427 *A.*2d 1142 (Law Div.1981), both holding that successful completion of PTI is not a favorable determination of a criminal proceeding for the purpose of maintaining a suit for malicious prosecution.

The order granting summary judgment to the Newark Board of Education is affirmed.