NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4015-17T4

IN THE MATTER OF
CLIFTON GAUTHIER,
ROCKAWAY TOWNSHIP.

> APPROVED FOR PUBLICATION
>
> November 27, 2019
>
> APPELLATE DIVISION

Submitted October 3, 2019 – Decided November 27, 2019

Before Judges Alvarez, Nugent and DeAlmeida.

On appeal from the New Jersey Civil Service Commission, Docket No. 2017-2766.

Caruso Smith Picini PC, attorneys for appellant Clifton Gauthier (Timothy Richard Smith, of counsel; Sara B. Liebman, on the briefs).

Laddey Clark & Ryan, LLP, attorneys for respondent Rockaway Township (Thomas N. Ryan and Jessica A. Jansyn, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent Civil Service Commission (Donna Sue Arons, Assistant Attorney General, of counsel; Steven Michael Gleeson, Deputy Attorney General, on the statement in lieu of brief).

The opinion of the court was delivered by

ALVAREZ, P.J.A.D.

The Civil Service Commission (Commission), in an April 2, 2018 final agency decision, denied Clifton Gauthier, a Rockaway Township police

officer, back pay for the years he was suspended while criminal charges were pending against him. After indictment, Gauthier successfully completed the pretrial intervention program (PTI), N.J.S.A. 2C:43-12 to -22. He was thereafter reinstated, and the Township paid his wages from the PTI completion date on January 27, 2017, to the date of reinstatement on March 8, 2017. We affirm the Commission's decision.

Gauthier was suspended January 14, 2014, when his employer instituted disciplinary proceedings against him. According to the Morris County Prosecutor, the conduct that triggered the suspension and subsequent indictment[1] was Gauthier's attempts at "interfer[ing] with the prosecution of a family member, who was being prosecuted for driving while intoxicated . . . ."

The Commission interpreted N.J.A.C. 4A:2-2.10(b) "in conjunction with" N.J.S.A. 40A:14-149.2 to mean that a police officer is only entitled to back pay when he or she obtains a favorable disposition of criminal charges. The Commission's analysis was premised on the common law principle that a public employee should not be compensated for time he or she did not work.

---

[1] Although no copy of the indictment was included in the record on appeal, from references in correspondence and orders, it appears that Gauthier was charged with second-degree official misconduct, N.J.S.A. 2C:30-2, and third-degree tampering with a witness, N.J.S.A. 2C:28-5(a). The Morris County Prosecutor dismissed the second-degree charge in order that Gauthier could gain admission into PTI.

Furthermore, since N.J.S.A. 40A:14-149.2 "was a statute that altered a common law rule, it was to be strictly construed." Additionally, the Commission relied on the fact PTI is not statutorily defined as a favorable termination of criminal charges. In other contexts, PTI has not been treated as a favorable disposition, unlike dismissals, acquittals, or the termination of prosecution.

Now on appeal, Gauthier contends in a single point:

> THE CIVIL SERVICE COMMISSION IMPROPERLY IGNORED THE PLAIN LANGUAGE OF THE STATUTE AND THUS ERRED IN DENYING MR. GAUTHIER'S REQUEST FOR BACK PAY FOR THE TIME PERIOD FROM THE DATE OF HIS SUSPENSION WITHOUT PAY [TO] THE DATE THE INDICTMENT WAS DISMISSED.

We are not bound by the Commission's interpretation of the statute, as the question is purely a legal issue. See Zimmerman v. Sussex Cty. Educ. Servs. Comm'n, 237 N.J. 465, 475 (2019) (citing Ardan v. Bd. of Review, 213 N.J. 589, 604 (2018)).

I.

It is well-established that at common law, a "public officer who renders no service is not entitled to prevail in an action seeking compensation." DeMarco v. Bd. of Chosen Freeholders of Bergen Cty., 21 N.J. 136, 143 (1956). A public officer's right to a salary is dependent on the performance of

the duties of the office. Id. at 141. The term "public officer" includes police. In DeMarco, the Court assumed that regardless of the common law principle, "the Legislature could in clear and direct terms constitutionally allow compensation to all law enforcement officers (state, county and municipal) who are suspended pending trial on an indictment for misconduct in office and are later acquitted or otherwise vindicated." Id. at 143.

N.J.S.A. 40A:14-149.2 is such a departure from the common law rule. See Kelty v. State, Dep't of Law & Pub. Safety, Div. of State Police, 321 N.J. Super. 84, 91 (App. Div. 1999). It reads:

> If a suspended police officer is found not guilty at trial, the charges are dismissed or the prosecution is terminated, said officer shall be reinstated to his position and shall be entitled to recover all pay withheld during the period of suspension subject to any disciplinary proceedings or administrative action.
>
> [N.J.S.A. 40A:14-149.2.]

When a statute "impose[s] a duty or . . . establish[es] a right which was not recognized by the common law [it] will be strictly interpreted to avoid such change." Fivehouse v. Passaic Valley Water Comm'n, 127 N.J. Super. 451, 456 (App. Div. 1974) (emphasis added) (citing Carlo v. Okonite-Callender Cable Co., 3 N.J. 253, 265 (1949)). N.J.S.A. 40A:14-149.2 appears to track DeMarco's prescient comment that the Legislature "could" abandon

the common law rule and award back pay to a public official when that official is acquitted or "otherwise vindicated."  21 N.J. at 143.

Gauthier urges us to interpret N.J.S.A. 40A:14-149.2 expansively, even though it changed the common law principle of "no work, no pay" and preceded the PTI statute by years.  In other words, at the time the statute was enacted, PTI did not exist and therefore could not have been included within the statute's scope.  If the Legislature wanted to include PTI as vindication enabling an officer to collect back pay, it could have readily amended the statute.  We will not construe the law more broadly than indicated by its plain language.  And the plain language at the time the law was enacted in 1973 did not include PTI, a diversionary program adopted in 1990.

## II.

In support of his position, Gauthier also relies on N.J.A.C. 4A:2-2.10(c)(1):

> Where an employee, other than a municipal police officer, has been suspended based on a pending criminal complaint or indictment, following disposition of the charges the employee shall receive back pay, benefits and seniority if the employee is found not guilty at trial, the complaint or indictment is dismissed, or the prosecution is terminated.
>
> 1. Such items shall not be awarded when the complaint or indictment is disposed of through Conditional Discharge, N.J.S.A. 2C:36A-1, or Pre-Trial Intervention (PTI), N.J.S.A. 2C:43-12.

By weaving together the language from the Administrative Code section and N.J.S.A. 40A:14-149.2, Gauthier claims PTI is not a barrier to collection of his back pay.

Section 4A:2-2.10, however, was adopted in direct response to our decision in DelRossi v. Department of Human Services, 256 N.J. Super. 286 (App. Div. 1992). See 24 N.J.R. 2491 (July 20, 1992). In DelRossi, a police officer employed with the Department of Human Services was suspended without pay after he was charged with criminal offenses. 256 N.J. Super. at 288. He enrolled in PTI and, after successfully completing the program, the indictment was dismissed and he was reinstated. Ibid. Before the Merit System Board (the Board), DelRossi successfully contended that he was entitled to back pay from the time of his suspension. Ibid.

We held that when a state employee's criminal charges resolve by way of PTI, it is up to the Board to "determine whether back pay is appropriate and, if so, the conditions under which it will be awarded." Id. at 293. Nonetheless, we also held that the authority to make such determinations "must be expressed in a properly adopted rule." Id. at 294. Since no such rule existed at the time DelRossi pursued his claim, we reversed the Board's award of back pay. Ibid.

A-4015-17T4

"Accordingly, the Board propose[d] an amendment [to Section 4A:2-2.10] providing for back pay in cases of suspension pending criminal charges where the employee is acquitted after trial, the charges are dismissed or the prosecution is terminated. Back pay would not be awarded where the charges are disposed of through pretrial intervention (PTI) or conditional discharge." 24 N.J.R. 2491 (July 20, 1992). The Board noted that the amendment would also provide "that back pay for municipal police officers in these situations is determined in accordance with N.J.S.A. 40A:14-149.1 et seq." Ibid.

In fact, the regulation cited by Gauthier explicitly states in a different subsection that "[w]here a municipal police officer has been suspended based on a pending criminal complaint or indictment, following disposition of the charges, the officer shall receive back pay, benefits, and seniority pursuant to N.J.S.A. 40A:14-149.1 et seq." N.J.A.C. 4A:2-2.10(b). Thus, subsection (c) does not apply to Gauthier because he is a municipal police officer. We look instead to subsection (b) and N.J.S.A. 40A:14-149.2 for guidance, as the Board and the Legislature intended. Gauthier's reliance on N.J.A.C. 4A:2-2.10(c) is misplaced.

### III.

Gauthier also contends that the Commission erred in relying upon an unpublished decision, Grill v. City of Newark Police Department, No. A-6224-

98 (App. Div. Jan. 30, 2001), in concluding that a favorable disposition of criminal charges was necessary in order for a municipal police officer to be entitled to back pay. The Commission did rely on the Grill analysis, but expressly acknowledged the case was not binding precedent: "rule [1:36-3] does not preclude the [Commission] from considering the persuasiveness of the [] reasoning. . . ."

Gauthier contends the Commission's reliance on Grill is fatally flawed because the Grill panel anchored its decision on incorrect interpretations of Cressinger v. Board of Education of City of Newark, 256 N.J. Super. 155 (App. Div. 1992), and Thomas v. New Jersey Institute of Technology, 178 N.J. Super. 60 (Law Div. 1981). Gauthier argues that since Cressinger was a supervisor of custodians who successfully completed PTI, and Thomas was a private citizen seeking damages under a theory of malicious prosecution after having been charged with embezzlement and completed PTI, neither case applied to his situation. We disagree.

As we said in Grill, the cases stand for the proposition, albeit in different contexts, that an acquittal, a prosecutor's dismissal of charges, or termination of prosecution are favorable dispositions. See Grill, slip op. at 14. Cressinger and Thomas only supported the notion that PTI has not been construed to be a

8

favorable disposition, unlike an acquittal or the dismissal of charges or termination of a prosecution. 256 N.J. Super. at 156; 178 N.J. Super. at 62-63.

IV.

Finally, Gauthier contends that even if N.J.S.A. 40A:14-149.2 requires a favorable disposition, in order for him to be paid back wages and benefits, PTI qualifies. That argument lacks merit.

Pretrial intervention is a diversionary program with two main purposes: (1) to augment the options of prosecutors in disposing of criminal matters and (2) to provide applicants with opportunities to avoid ordinary prosecution by receiving early rehabilitative services or supervision. State v. Motley, 369 N.J. Super. 314, 320 (App. Div. 2004); N.J.S.A. 2C:43-12. It is offered as an alternative to prosecution "when such an alternative can be expected to serve as sufficient sanction to deter criminal conduct . . . ." N.J.S.A. 2C:43-12(a)(2). Those indicted are not guaranteed admission into PTI as a right. Motley, 369 N.J. Super. at 320.

Criminal charges can be disposed of through a number of dispositions including trial, entry of a guilty plea, dismissal by motion, or dismissal "through PTI or similar programs that avoid an adjudication of guilt or innocence." DelRossi, 256 N.J. Super. at 293. In contrast, favorable termination is defined as "[in a criminal prosecution,] a final determination on

the merits in the defendant's favor."  Black's Law Dictionary, 328 (5th ed. 2016).

To determine whether termination of charges is favorable, courts focus "on whether the termination was or was not dispositive as to the accused's innocence of the crime for which he was charged."  Rubin v. Nowak, 248 N.J. Super. 80, 83 (App. Div. 1991).  "Disposition in his favor means exculpation and not some lesser degree of success."  Kerwick v. Mayor of Trenton, 184 N.J. Super. 235, 240 (Law Div. 1982).  Exculpate is defined as "to free from blame or accusation; esp., to prove not guilty."  Black's Law Dictionary, 313 (5th ed. 2016).

In DelRossi, the court implied in dicta that PTI or other similar diversionary dispositions are not favorable terminations.  256 N.J. Super. at 293-94.  The plaintiff in Cressinger was denied reimbursement for legal fees because the relevant statute only allowed them when there was a favorable disposition.  256 N.J. Super. at 156-57.  This did not include PTI.  Ibid.  The court in Thomas found that "acceptance in [PTI], even where the program is successfully completed, cannot be regarded as the equivalent of a judgment of acquittal or an otherwise favorable termination of the criminal proceeding." 178 N.J. Super. at 62.

We have also said that plaintiffs can assert a § 1983 claim only if, like with malicious prosecution, the underlying criminal action against them was terminated in their favor—not including PTI. Bustamante v. Borough of Paramus, 413 N.J. Super. 276, 285, 290 (App. Div. 2010) (citing Heck v. Humphrey, 512 U.S. 477, 484 (1994)).

Other diversionary dispositions are not considered favorable. See Kerwick, 184 N.J. Super. at 240 ("By taking advantage of § 27 diversionary treatment plaintiff cannot use a legal fiction to support a conclusion that there was a final determination in his favor.");[2] see also Rubin, 248 N.J. Super. at 83 (finding no favorable termination where the complaint was withdrawn pursuant to a compromise agreement, where criminal proceedings were dismissed because of insanity, or where the accused was accepted into PTI).

Additional examples of the manner in which the successful completion of PTI is not a favorable disposition are collected in comment 3 to N.J.S.A. 2C:43-12. For example, "[s]uccessful completion of the program does not preclude denial of a firearm permit." Cannel, New Jersey Criminal Code Annotated, comment 3 on N.J.S.A. 2C:43-12 (2018) (citing In re Osworth, 365 N.J. Super. 72, 78 (App. Div. 2003)). A prosecutor's office is required to

---

[2] The "§ 27 diversionary" program was not a precursor to the current PTI statute, N.J.S.A. 2C:43-12, but to a similar conditional discharge program for certain first-time drug offenders. See N.J.S.A. 2C:36A-1.

notice state licensing authorities if a physician or podiatrist is admitted into PTI after being charged with an offense involving drugs or alcohol. See L. 1989, c. 300, § 22.

## V.

When the legislators enacted N.J.S.A. 40A:14-149.2, they were willing to step outside the common law rule for those vindicated from the taint of an alleged criminal act. Those who are acquitted, against whom charges are dismissed, or against whom a prosecution is terminated can receive back pay. Only those who receive favorable dispositions enjoy that benefit. That list does not include PTI.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4015-17T4